UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO HEREVIA,<br><br>    Plaintiff,<br><br>    v.<br><br>NATHAN NELSON and LETITIA NELSON,<br><br>    Defendants. | No. 1:21-cv-01563-DAD-SKO<br><br>ORDER *SUA SPONTE* REMANDING CASE TO FRESNO COUNTY SUPERIOR COURT AND DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AS MOOT<br><br>(Doc. Nos. 1, 5, 6) |

    This is an unlawful detainer action brought under California state law by plaintiff Reynaldo Herevia against defendants Nathan Nelson and Letitia Nelson. On October 22, 2021, defendants removed this case to this federal court from the Fresno County Superior Court. (Doc. No. 1.) According to defendant, removal is proper because defendants' state court "[d]emurrer, a pleading[,] depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." (*Id.* at 2.) Defendants filed motions to proceed *in forma pauperis* on the same date, October 22, 2021. (Doc. Nos. 5, 6.)

    A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*,

1

1   599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582
2   F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited jurisdiction of
3   the federal courts, and the burden of establishing the contrary rests upon the party asserting
4   jurisdiction.  *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582
5   F.3d 1039, 1042 (9th Cir. 2009).  In addition, "the existence of federal jurisdiction depends solely
6   on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl.*
7   *Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).
8   "The strong presumption against removal jurisdiction" means that "the court resolves all
9   ambiguity in favor of remand to state court."  *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980
10  F.2d 564, 566 (9th Cir. 1992).  That is, federal jurisdiction over a removed case "must be rejected
11  if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599
12  F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566.  "If
13  at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the
14  case shall be remanded."  28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th
15  Cir. 2001).  Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v.*
16  *NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*,
17  375 F.3d 831, 838 (9th Cir. 2004).  Where it appears, as it does here, that the district court lacks
18  subject matter jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C.
19  § 1447(c).

20       "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded
21  complaint rule,' which provides that federal jurisdiction exists only when a federal question is
22  presented on the face of the plaintiff's properly pleaded complaint."  *California v. United States*,
23  215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485.
24  Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's
25  statement of his own claim in the bill or declaration, unaided by anything in anticipation of
26  avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at
27  1014.  Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the
28  defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense

is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, defendants have not shown that removal of this action to this federal court is appropriate. Plaintiff's complaint is a straight-forward unlawful detainer action that is based entirely on state law. (*See* Doc. No. 1 at 7–10.) As stated above, defendants rely solely on a contemplated defense that allegedly rests on unidentified federal law in an attempt to establish federal jurisdiction. (*Id.* at 2.) Even assuming defendants can assert such a defense, they cannot use that anticipated defense as the basis for removal because the defensive invocation of federal law cannot form the basis of this court's jurisdiction. *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215 F.3d at 1014.

Because there is no federal question appearing in plaintiff's complaint, defendants have failed to properly invoke this court's jurisdiction. Remand to the Fresno County Superior Court is therefore appropriate and mandatory. 28 U.S.C. § 1447(c); *Geographic Expeditions*, 599 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

Accordingly,

1. This action is remanded forthwith to the Fresno County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;

2. Defendants' motions to proceed *in forma pauperis* (Doc. Nos. 5, 6) is denied as moot in light of this order; and

3. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **October 22, 2021**

UNITED STATES DISTRICT JUDGE